■ PHILIP FURGANG, Appellant-Respondent, v EDGARD BERREBBI et al., Respondents-Appellants.—In an action, *inter alia,* to recover legal fees for services performed, (1) the plaintiff appeals from so much of an order of the Supreme Court,

Rockland County (Bergerman, J.), dated July 23, 1990, as (a) denied that branch of his motion which was to disqualify the defendants' attorneys, (b) required that the plaintiff's deposition be conducted in the New York County courthouse, and (c) required the plaintiff to disclose certain documents allegedly covered by an attorney's lien, and (2) the defendants cross-appeal from so much of the same order as denied those branches of their cross motion which were to strike the first and fifth causes of action in the amended complaint and to dismiss the amended complaint insofar as it is asserted against the defendant Edgard Berrebbi.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the appeal from so much of the order as directed that the plaintiff's deposition be held in the New York County courthouse is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The parties have stipulated to hold the plaintiff's deposition in Rockland County. Therefore, the appeal from so much of the order as directed the deposition to be held in the New York County courthouse is dismissed as academic.

The plaintiff argues that the law firm representing the defendants should be disqualified from representing them. This assertion is based, *inter alia,* on the plaintiff's professed intention to call a member of that firm as a witness on his behalf at trial. There is no indication in the record that, even if the attorney were called as a witness on behalf of the plaintiff, his testimony would be prejudicial to his client *(see,* Code of Professional Responsibility DR 5-102 [B] [22 NYCRR 1200.21 (b)]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to disqualify the defendants' attorneys from representing the defendants in this case *(see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445-446).

We have reviewed the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.